UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NABALI 4 LLC, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 4:25-cv-1222 PLC |
| | ) |
| COUNTRY MUTUAL INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| **Defendant.** | ) |

<u>**MEMORANDUM AND ORDER**</u>

This matter is before the Court on Defendant Country Mutual Insurance Company's "Motion to Dismiss" seeking to dismiss or strike portions of Plaintiff Nabali 4 LLC's amended complaint. [ECF No. 25] Defendant seeks to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), Plaintiff's prayer for attorney's fees in Counts I and II, and Count III in its entirety. [ECF No. 25] Alternatively, Defendant seeks to strike Plaintiff's request for attorney's fees in Counts I and II pursuant to Rule 12(f). [ECF No. 25] Plaintiff filed a response in opposition to Defendant's motion and, alternatively, requests leave to file a second amended complaint pursuant to Rule 15. [ECF No. 30]

I.     Background

Plaintiff, which operates a convenience store in St. Louis, maintained an insurance policy with Defendant covering Plaintiff's commercial property.  [ECF No. 22, ¶¶ 1, 6] The policy was in effect when the property was vandalized on five occasions between September 2023 and January 2024. [ECF No. 22, ¶ 8] Plaintiff submitted timely notice and supporting documentation of the losses to Defendant but Defendant refused to pay the policy benefits. [ECF No. 22, ¶¶ 10-11]

In June 2025, Plaintiff filed a two-count complaint for declaratory judgment and breach of

1

contract against Defendant in the Circuit Court of the City of St. Louis. [ECF No. 9] Defendant removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446. [ECF No. 1]

In November 2025, Plaintiff filed an amended complaint, adding an additional defendant and claim. [ECF No. 22] The amended complaint brought claims of declaratory judgment (Count I) and breach of contract (Count II) against Country Mutual, and a claim of "negligent and fraudulent misrepresentation" against Jeff Smith, an insurance agent employed by Country Mutual. [ECF No. 22] In Counts I and II, in addition to other damages, Plaintiff asserts he is entitled to "reasonable attorneys' fees" incurred in bring the action. [ECF No. 22]

Country Mutual moves to dismiss, pursuant to Rule 12(b)(6), or strike pursuant to Rule 12(f), Plaintiff's prayer for attorney's fees in Counts I and II. [ECF No 25] Country Mutual also seeks to dismiss Plaintiff's Count III. [ECF No. 25] Plaintiff filed a response in opposition to Defendant's motion and, alternatively, requests leave to file a second amended complaint. [ECF No. 30]  In January 2026, Plaintiff voluntarily dismissed Jeff Smith from the lawsuit. [ECF Nos. 33, 35]

## II.    Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(b). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  When considering a motion to dismiss for failure to state a claim, the reviewing court must accept the plaintiff's factual allegations as true and construe them in the

plaintiff's favor. *Id.*

Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  The Court enjoys liberal discretion in resolving a motion to strike under Rule 12(f). *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007).  "Striking a party's pleading, however, is an extreme and disfavored measure." *Id.*  Thus, motions to strike are infrequently granted. *Stanbury Law Firm, P.A. v. IRS,* 221 F.3d 1059, 1063 (8th Cir. 2000). "But despite this, it is sometimes appropriate to strike pleadings, such as when a portion of the complaint lacks a legal basis." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080,1092 (8th Cir. 2021). "This includes requests for damages that are legally deficient." *Doe v. Sutton*, No. 4:23-cv-01312-SEP, 2026 WL 874008, at *2 (E.D. Mo Mar. 31, 2026) (citing *BJC Health Sys. v. Columbia Cas. Co.*, 478 F.3d 908, 917 (8th Cir. 2007)).  "This Court has granted a motion to strike a plaintiff's demand for attorney's fees when there is no statutory or contractual basis for an attorney's fee award." *Sutton*, 2026 WL 874008, at *2 (quoting *Monocle, Inc. v. Online Gun Dealer, LLC*, No. 4:17-cv-2292-PLC, 2017 WL 6387695, at 3 (E.D. Mo. Dec. 14, 2017).

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend the pleadings should be "freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this standard, denial of leave to amend pleadings is appropriate when there are "compelling reasons 'such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the nonmoving party, or futility of the amendment.'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach*, 318 F.3d 832, 844 (8th Cir. 2003). Pursuant to Eastern District of Missouri Local Rule 4.07, a motion for leave to amend any pleading must be accompanied by an amended pleading.

### III.    Discussion

A. Request for Attorney's Fees in Counts I and II

Defendant moves to dismiss or strike Plaintiff's prayer for attorney's fees in Counts I and II of the amended complaint. [ECF No. 25] Specifically, Defendant contends Plaintiff's request for attorney's fees fails as a matter of law because it has not alleged any contractual basis for an award of attorney's fees nor any statutory authority or special circumstances that would entitle it to such an award. [ECF No. 26]

Plaintiff counters that Defendant's "argument fails procedurally" because Plaintiff is permitted to plead "alternative or contingent relief" pursuant to Rule 8.[1] Alternatively, Plaintiff requests leave to file an amended complaint pursuant to Rule 15. [ECF No. 30] Specifically, Plaintiff requests leave to amend to: (1) "plead any additional facts the Court deems necessary[,]" or (2) "assert a vexatious refusal to pay claim pursuant to Mo. Rev. State. §375.420" if the Court concludes Plaintiff "must expressly plead a statutory basis for recovery of attorney's fees at this stage[.]" [ECF No. 30]

"In a diversity action, state law governs the availability of attorney's fees where no conflicting federal statutes or court rule applies." *Weitz Co. v. MH Washington*, 631 F. 3d 510, 528 (8th Cir. 2011) (citing *Burlington Northern R. Co. v. Famers Union Oil Co.*, 207 F. 3d 526, 534 (8th Cir. 2000). Missouri "follows the 'American Rule' which is that with few exceptions, absent statutory authorization or contractual agreement, each litigant must bear the expenses of his own attorney's fees." *Washington Univ. v. Royal Crown Bottling Co.*, 801 S.W. 2d 458, 468 (Mo. Ct. App. 1990).

---

[1] Plaintiff further contends that his "entitlement to fees is a question of proof for later resolution, following factual development, not at the pleading stage. *Miller v. Redwood Toxicology Lab, Inc.*, 688 F.3d 928, 931-32 (8th Cir. 2012)." [ECF No. 30]  The cited case, however, does not stand for the proposition that a challenge to a request for attorney's fees is inappropriate at the pleading stage.  *See Miller*, 688 F.3d 928. Further, the pinpoint cite provided is to the background section of the case. *Id. at* 931-32.

Section 527.100 of the Missouri Revised Statutes provides that, in declaratory judgment actions, "the court may make such award of costs as may seem equitable and just."  The terms "costs" can include attorney's fees when "special circumstances" exist. *Mayor, Councilmen, & Citizens of City of Liberty v. Beard*, 636 S.W.2d 330, 331 (Mo. banc 1982) (citing *Bernheimer v. First Nat'l Bank of Kansas City*, 225 S.W.2d 745 (Mo. 1949)). "Correctly interpreted, the *Bernheimer* 'special circumstances' exception…is narrow and must be strictly applied." *Washington Univ.*, 801 S.W. 2d at 469.

Here, Plaintiff does not allege that the insurance contract contains a provision permitting the recovery of attorney's fees. Plaintiff also does not set forth any statutory provision or special circumstances permitting his recovery of attorney's fees. Instead, Plaintiff asserts that alternative or contingent remedies may be sought and that attorney's fees may be proven after additional factual development. [ECF No. 30] Plaintiff, however, fails to provide any substantive analysis on these points, including an explanation of why they excuse the failure to identify the basis for the requested award. [ECF No. 30]

Alternatively, Plaintiff requests leave to amend to: (1) "plead any additional facts the Court deems necessary[,]" or (2) "assert a vexatious refusal to pay claim pursuant to Mo. Rev. State. §375.420" if the Court concludes Plaintiff "must expressly plead a statutory basis for recovery of attorney's fees at this stage[.]" [ECF No. 30]  Plaintiff's alternative request for relief illustrates the deficiencies in Plaintiff's pleading; namely, that the basis of Plaintiff's request for attorney's fees is unclear from the face of the complaint and even after briefing on the issue. Specifically, it is not clear if Plaintiff is seeking attorney's fees under Missouri's declaratory judgment statute due to "special circumstances;" under a contractual provision; or on an unraised claim for vexatious refusal to pay.

Accordingly, the Court grants Defendant's motion to strike Plaintiff's request for

attorney's fees in Counts I and II.  The Court denies without prejudice Plaintiff's alternative request for leave to amend the complaint, as it is unclear how Plaintiff intends to amend the complaint. Any future requests for leave to amend the complaint should be filed separately, and with a proposed amended complaint and a red-lined version demonstrating the proposed changes to the complaint in compliance with Local Rule 4.07.

        B.  <u>Request to Dismiss Count III</u>

Defendant also moves to dismiss Count III asserting Plaintiff failed to allege the falsity of a representation, a necessary element of claims for negligent and fraudulent misrepresentation. [ECF No. 25 & 26] Plaintiff's Count III, however, was brought solely against Jeff Smith, a party Plaintiff voluntarily dismissed from the lawsuit after Defendant filed its motion to dismiss. [ECF Nos. 33, 35] Accordingly, the Court need not address Defendant's claims related to Count III.

**IV.    Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss" [ECF No. 25] is **GRANTED in part.**  Defendant's motion to strike Plaintiff's request for attorney's fees in Counts I and II is **GRANTED** and Plaintiff's prayer for attorney's fees is **STRICKEN.** Plaintiff's request for leave to amend the complaint is **DENIED without prejudice**.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of April, 2026