**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **NABALI 4 LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:25-cv-1222 PLC** |
| | ) | |
| **COUNTRY MUTUAL INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Nabali 4 LLC's Motion for Leave to Withdraw and Amend Admissions [ECF No. 52] pursuant to Federal Rule of Civil Procedure 36(b). Plaintiff seeks to withdraw the admissions deemed admitted by its failure to respond to Defendant's Request for Admissions and for leave to serve its amended responses, a copy of which is attached to the motion. [ECF Nos. 52, 52-2] Defendant filed a response in opposition to Plaintiff's motion and Plaintiff filed a reply. [ECF Nos. 61, 62]

Also before the Court is Defendant's Motion for Summary Judgment, Memorandum in Support, Statement of Uncontroverted Material Facts, and exhibits. [ECF Nos. 44, 45, 46] Plaintiff filed a "Response in Opposition to Defendant's Motion for Summary Judgment, or, In The Alternative, Motion for Additional Time Pursuant to Federal Rule of Civil Procedure 56(d) and Motion for Leave to Withdraw or Amend Admissions Pursuant to Fed. R. Civ. P. 36(b)" [ECF No. 53] Plaintiff also filed a response to Defendant's statement of uncontroverted material facts and a statement of statement of additional material facts. [ECF No. 54] Defendant filed a reply to Plaintiff's response. [ECF No. 59]

## I. Background

In June 2025, Plaintiff filed a two-count complaint for declaratory judgment and breach of contract against Defendant in the Circuit Court of the City of St. Louis, alleging Defendant failed to pay policy benefits on an insurance policy Plaintiff maintained with Defendant covering Plaintiff's commercial property. [ECF No. 9] Defendant removed the case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1446. [ECF No. 1] In November 2025, Plaintiff filed an amended complaint. [ECF No. 22]

On January 28, 2026, the Court entered a Case Management Order (CMO) establishing October 16, 2026 as the deadline for completion of discovery and November 13, 2026 as the deadline for the filing of dispositive motions. [ECF No. 38] On February 19, 2026, Defendant served Plaintiff with its first Request for Admissions. [ECF No. 61-1] At this time, Defendant also served Plaintiff with its first Interrogatories and Requests for Production of Documents. [ECF No. 61-1]

On July 22, 2026, Defendant filed a motion for summary judgment. [ECF No. 44] In its Statement of Uncontroverted Material Facts, Defendant relied on the unanswered Request for Admissions at issue in this motion. [ECF No. 46] On August 27, 2026, Plaintiff filed its response in opposition to Defendant's motion for summary judgment and alternatively requested additional time for Plaintiff to respond to Defendant's motions pursuant to Rule 56(d) and a motion for leave to withdraw or amend its admissions pursuant to Rule 36(b). [ECF No. 53] Plaintiff also separately filed its Motion for Leave to Withdraw and Amend Admissions pursuant to Federal Rule of Civil Procedure 36(b) and attached its proposed responses to Defendant's first Request for Admissions. [ECF No. 52, 52-2]

## II. Legal Standard

Pursuant to Rule 36(a)(1), a party may serve another party with written requests to admit the truth of factual matters within the scope of discovery. Fed. R. Civ. P. 36(a)(1). "A matter is

admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3)

Rule 36(b) allows the Court to permit a party to withdraw admissions, stating:

> A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.

Fed. R. Civ. P. 36(b).

"The two-prong test of Rule 36(b) directs the court to consider the effect upon the litigation and prejudice to the resisting party[,] rather than focusing on the moving party's excuses for an erroneous admission." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal citations and quotation marks omitted). The moving party does not need to demonstrate excusable neglect to withdraw its admission. *Shattuck-Knaebel v. Missouri Department of Corrections*, 2026 WL 2168021, at *2 (E.D. Mo. July 28, 2026). Rule 36(b)'s provision for the withdrawal of admissions "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Fed. R. Civ. P. 36(b) advisory committee's note to 1970 amendment; *Shattuck-Knaebel*, 2026 WL 2168021, at *2.

## III. Discussion

The Court first considers whether withdrawal of the admissions will promote the presentation of the merits of the action. *Prusia*, 18 F.3d at 640. "The burden to prove this part of the test falls on the party moving for withdrawal." *Shattuck-Knaebel*, 2026 WL 2168021, at *2 citing 7 Moore's Federal Practice, § 36.13 (3d ed. 1999).

Plaintiff contends that allowing it to withdraw its deemed admissions will promote the

presentation of the merits of the case because the admissions "go directly to the substance of Plaintiff's claim against Defendant for failing to pay under the insurance policy[.]" [ECF No. 52] Defendant responds Plaintiff has failed to demonstrate that withdrawal of the admissions would promote the presentation of the case on the merits because Plaintiff's proposed responses do not demonstrate that Defendant wrongfully denied Plaintiff's claims or that Defendant breached the insurance contract. [ECF No. 61] Specifically, Defendant contends that Plaintiff admits in its proposed responses that it failed to comply with Defendant's requests for relevant documents necessary for Defendant's investigation of Plaintiff's claims and that Plaintiff filed suit in lieu of cooperating with the Defendant's investigation. [ECF No. 61] Plaintiff replies that its proposed responses to Defendant's request for admissions do not establish that Defendant suffered "substantial prejudice" as a result of Plaintiff's alleged non-cooperation, a necessary element to Defendant's defense. [ECF No. 62]

The admissions at issue are central to aspects of this case, including whether Defendant wrongfully denied Plaintiff's claims, if Plaintiff materially breached the contract by failing to cooperate with Defendant's investigation of Plaintiff's claims, and if Plaintiff breached the contract by filing suit before fully complying with the terms and provisions of the policy. Defendant cites Plaintiff's admissions to the request for admissions in support of 31 of Defendant's 46 statements of uncontroverted material facts in support of its motion for summary judgment. [ECF No. 46] Plaintiff's admissions are the sole support for four of Defendant's statements of uncontroverted material facts. [ECF No. 46] Plaintiff's proposed responses to the request for admissions include numerous denials with respect to Plaintiff's alleged cooperation, or lack thereof, with Defendant's investigation of Plaintiff's claims. [ECF No. 52-2] If the facts addressed by the admissions are deemed conclusively established based on Plaintiff's failure to respond to Defendant's request for admissions, it will be difficult to evaluate the case on the merits. Allowing

Plaintiff to withdraw the admissions will allow the Court to fully consider the merits of the case.

Under the second prong, the Court must consider the prejudice to the party relying on the admissions. The second prong of the test requires the Court to consider whether it is "persuaded that [withdrawal] would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b). The prejudice contemplated by Rule 36(b) "relates to the difficulty a party may face in proving its case because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Prusia*, 18 F.3d at 640 (citation and internal quotations omitted).

"The necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient…Likewise, preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *F.D.I.C. v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994) (internal citation omitted). Defendant, as the party who obtained the admission, has the burden of proving the requisite prejudice. *Id.*

Defendant argues that allowing Plaintiff to withdraw and amend its admissions would substantially prejudice Defendant's ability to obtain evidence supporting its defense against Plaintiff's claims. [ECF No. 61] Defendant asserts Plaintiff counsel has failed to communicate with Defendant or respond to written discovery requests "for almost five months, from March 23, 2026 to August 12, 2026." [ECF No. 61] Specifically, Defendant contends Plaintiff did not provide Defendant with its Rule 26 Initial Disclosures or expert witness disclosures and did not produce any documents in response to Defendant's written discovery requests until August 29, 2026. [ECF No. 61] Defendant contends it will be forced to take depositions based on the information contained in Plaintiff's late disclosures and that granting Plaintiff's motion would "severely prejudice [Defendant] by forcing it to obtain evidence through a discovery process, which was expressly prescribed to be conducted over the course of eight months in [the CMO], in a little over

five weeks." [ECF No. 61] Defendant argues that denying Plaintiff leave to withdraw and amend the admissions is an appropriate sanction for Plaintiff's "flagrant, repeated, and prejudicial disregard for this Court's deadlines and the Federal Rules of Civil Procedure." [ECF No. 61]

Plaintiff responds that, while untimely, it has served its Rule 26(a)(1) initial disclosures, its written discovery responses, and its document production. [ECF No. 62] Plaintiff further contends that the prejudice to Defendant is minimal because Defendant is in possession of its own file regarding the claims and Plaintiff's discovery responses, and Plaintiff does not intend to offer expert testimony. [ECF No. 62]

The course and state of discovery in this case is far from ideal. While Plaintiff attempts to minimize its role in the current state of affairs, it does not deny that it failed to timely respond to discovery. Although Plaintiff's failure to timely comply with discovery appears to be the primary driver of the situation, the Court notes that Defendant never sought a motion to compel Plaintiff's responses to discovery. Irrespective of the issues concerning Plaintiff's admissions, Defendant could have mitigated some of its claimed prejudice related to the cumulative effect of Plaintiff's untimely discovery responses through a motion to compel.

Plaintiff attached a copy of its proposed answers to Defendant's request for admissions to the instant motion and responded to Defendant's discovery requests on August 27, 2026, approximately seven weeks before the close of discovery. Again, while not ideal, Defendant had some time to further investigate its claims and defenses prior to the close of discovery and there remains the possibility of amending the scheduling order to accommodate Defendant's discovery needs. Accordingly, the Court finds the requirements of Rule 36(b) have been satisfied and grants Plaintiff's motion to withdraw its deemed admissions. Although Plaintiff attached a copy of its proposed answers to its motion, the Court orders Plaintiff to serve Defendant with its responses to Defendant's first request for admissions.

The Court has also reviewed Defendant's motion for summary judgment and the parties' response and reply. Because discovery remains open and the motion relies heavily on Plaintiff's now withdrawn deemed admissions, the Court will deny without prejudice Defendant's Motion for Summary Judgment.

**IV. Conclusion**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Withdraw and Amend Admissions [ECF No. 52] is **GRANTED.** Plaintiff is directed to serve its responses to Defendant's first Request for Admissions.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [ECF No. 44] is **DENIED without prejudice**.

Patricia L. Cohen
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of October, 2026